IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| ZACHARY LEON TRUMBLE,<br>Wichita County Jail No. SO 72426, | §<br>§<br>§ | |
| Plaintiff, | §<br>§ | |
| v. | §<br>§ | Civil Action No. 7:18-cv-00008-M-BP |
| SGT. REYNOLDS, et al. | §<br>§ | |
| Defendants. | §<br>§ | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff, an inmate confined in the Wichita County Jail in Wichita Falls, Texas, filed this action pursuant to 42 U.S.C. § 1983. Defendants are Sergeant Reynolds, Officer Walsh, and Wichita County Jail. ECF No. 1. Plaintiff claims that his personal property, which included "clothes and stuff" was thrown away by Wichita County Jail guards. *Id.* He seeks monetary damages. *Id.*

Complaints filed by *pro se* litigants may be dismissed as frivolous when they seek to re-litigate claims premised upon substantially the same facts arising from a common series of events upon which the plaintiff has relied in a previous lawsuit, even if the previous suit remains pending. *Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993); *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989); *see also Adele v. Rogers*, 669 F. App'x 264 (5th Cir. 2016); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *Van Meter v. Morgan,* 518 F.2d 366, 367-68 (8th Cir. 1975); *Ballentine v. Crawford*, 563 F. Supp. 627, 629 (N.D. Ind. 1983). Plaintiff's claims are identical to those set forth in his previously filed case that was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. *Trumble v. Wichita County Sheriff's Office*, No. 7:17-cv-00142-O (N.D. Tex.).

Thus, the case at bar constitutes repetitive litigation. *See Pittman v. Moore*, 980 F.2d at 995 (noting that a plaintiff is entitled to "one bite at the litigation apple - but not more").

As indicated in the Court's previous order dismissing Plaintiff's claims, Plaintiff cannot prevail in this federal lawsuit. The United States Supreme Court has held that the "unauthorized, intentional deprivation of property" does not constitute a civil rights violation if there exists a meaningful post-deprivation remedy. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *accord Nickens v. Melton*, 38 F.3d 183, 184-85 (5th Cir. 1994); *see also Holloway v. Walker*, 790 F.2d 1170, 1174 (5th Cir. 1986) (finding no breach of federally guaranteed constitutional rights, even where a high-level state employee intentionally engages in tortious conduct, as long as the state system as a whole provides due process of law). Under the circumstances of the instant case, Plaintiff has the state common-law action of conversion available to remedy his alleged loss of property. *Allen v. Thomas*, 388 F.3d 147, 149 (5th Cir. 2004); *Murphy v. Collins*, 26 F.3d 541, 543-44 (5th Cir. 1994); *Myers v. Adams*, 728 S.W.2d 771 (Tex. 1987). Conversion occurs when there is an unauthorized and unlawful exercise of dominion and control over the personal property of another which is inconsistent with the rights of the owner. *Armstrong v. Benavides*, 180 S.W.3d 359, 363 (Tex. App. – Dallas 2005, *no writ*); *Beam v. Voss*, 568 S.W.2d 413, 420-21 (Tex. Civ. App.—San Antonio 1978, *no writ*). If Defendants exercised unauthorized control over Plaintiff's personal property, he has a factual basis to allege a cause of action in conversion. Such a common-law action in state court would be sufficient to meet constitutional due process requirements. *Brown v. Vasquez*, 699 F. App'x 335, 336 (5th Cir. 2017). Thus, in bringing such claims, Plaintiff must either take advantage of the available remedies or prove that the available remedies are inadequate. *Hudson*, 468 U.S. at 534–35. Because Texas law provides an adequate post-deprivation remedy for the loss of the personal-property items, Plaintiff's claim concerning the taking of his personal property does not rise to a violation of the Due Process Clause.

To the extent, if any, that Plaintiff claims his property is missing as a result of negligence on the part of any Defendant, he cannot prevail. Complaints of negligence are not actionable under the Civil Rights Act. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Complaint be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) as frivolous. Although Plaintiff has neither paid the filing fee nor filed a motion for leave to proceed *in forma pauperis*, the Court has the authority under 28 U.S.C. § 1915A to screen and dismiss frivolous lawsuits filed by inmates. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir. 1991). A complaint is without an arguable basis in law if it is "based on an indisputably meritless legal theory." *Neitzke*, 490 U.S. at 327. The claims set forth in the case at bar have no arguable basis under federal law.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 14, 2018.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE